**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

LEONARD P. MACHULAS,

      Plaintiff,

    v.

M. BOOGS,

      Defendant.

CIVIL ACTION NO.: 4:25-cv-77

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation that Defendant Michael Boggs, former Chief Justice of the Supreme Court of Georgia's, Motion to Dismiss be granted and Plaintiff's Complaint be dismissed.  (Doc. 17.)  As the Magistrate Judge noted, Plaintiff filed a considerable volume of material in support of his claim that his divorce was mishandled by multiple state courts.  (See doc. 17, pp. 2—3.)  The Magistrate Judge explained that Machulas had not asserted any viable claim and no viable claim appeared possible arising from the facts alleged.  (Id., pp. 3—9.)  The Magistrate Judge, therefore, recommended that Defendant's Motion to Dismiss be granted.  (Id., p. 9.)  Given the ambiguities in Machulas' pleadings, the Magistrate Judge afforded him an opportunity to amend.  (Id., p. 9 n. 3.)  Machulas took that opportunity.  (Doc. 19.)  Defendant failed to respond timely, (see doc. 21), which occasioned further motions practice, (see docs. 22, 25, 26 & 27).  At the same time, Machulas filed multiple additional documents, of dubious procedural propriety.  (See docs. 18, 20, 23, 28, 30 & 31.)  Because Machulas' Amended Complaint supersedes the prior pleadings, the Report and Recommendation and various motions related to the original Complaint are **DISMISSED** as

moot.    (Docs. 10, 11, 12, 14, 15 & 17); see, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc., 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022).   Because, for the reasons explained in more detail below, Plaintiff's Amended Complaint continues to suffer from the fatal defects the Magistrate Judge and Defendant identified in his original Complaint, Defendant's Motion to Dismiss the Amended Complaint is **GRANTED**.   (Doc. 22).

Plaintiff's Amended Complaint, which is the operative pleading in this case, makes explicit what the Magistrate Judge noted was implied in the original Complaint; Machulas seeks to sue the Supreme Court of Georgia itself.   (See doc. 19, pp. 1—2.)   As before, the substance of the claim arises from allegedly improper actions by a Chatham County Superior Court judge in 2010 during proceedings related to Plaintiff's divorce.   (Id., p. 4.)   His claims against the Supreme Court of Georgia arise from that court's rejection of an "appeal."   (Id.)   He asks this Court to "correct [his] appeal," and "give [him] a new appeal."   (Id., p. 5.)   The Magistrate Judge identified obvious problems with such a claim, when it was nominally asserted against former Chief Justice Boggs or any other state judicial officer, (doc. 17, pp. 5—6), and as discussed below, the claim is not improved by explicitly naming the Supreme Court, (see id., pp. 4—5.)

Before discussing the merits of Machulas' claims, the Court must address Defendant's acknowledgement that he failed to respond timely to the Amended Complaint.   (Doc. 21.) Defendant's Motion to Set Aside Default notes that the Amended Complaint is dated August 10, 2025, (doc. 21-1, p. 1; see also, doc. 19, p. 6), but was filed on August 4, 2025, (doc. 19).   Under the Federal Rules, Defendant concedes that his deadline to respond to the Amended Complaint was August 18, 2025.   (Doc. 21-1, p. 1); see also, e.g., Fed. R. Civ. P. 15(a)(3).   On August 22, 2025, Defendant moved to set aside the default and filed a Motion to Dismiss.   (Docs. 21 & 22.) Machulas never meaningfully responded to the Motion to Set Aside Default.   (See doc.25.)   The

Court might, therefore, grant the Motion to Set Aside Default as unopposed.   However, it is also clearly meritorious.

"The court may set aside an entry of default for good cause . . . ."   Fed. R. Civ. P. 55(c). As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."   Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted).   These factors are not talismanic, and other factors also may be relevant in making a good cause determination.   Id.   For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default.   Id.   (citing Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).   "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."   Id.

Wortham v. Brown, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015).   The Court has discretion in applying the factors.   See, e.g., Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court . . . .").   In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits."   Perez v. Wells Fargo, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal citation and quotation omitted). The confusion created by Machulas' mistake in the Amended Complaint's signature date, coupled with the lack of any discernable prejudice to Plaintiff in considering the Attorney General's arguments, is clearly "good cause" to set aside Defendant's default.   Defendant's Motion is, therefore, **GRANTED**.   (Doc. 21.)

Defendant's Motion to Dismiss has reiterated many of the arguments raised in his prior Motion and considered and largely accepted by the Magistrate Judge.   (See generally doc. 22-1.) In particular, he argues that the claims are barred by Younger abstention or the Rooker-Feldman

3

doctrine, (id., p. 2), the "domestic relations" exception to federal jurisdiction, (id., pp. 3—4), and / or absolute judicial immunity, (id., pp. 4—5).   If the Court could reach the merits of the claim, Defendant argues that it is time-barred, (id., p. 5), or is too vague and conclusory, (id., pp. 6-7). To the extent that Machulas' response to any of those arguments can be discerned, none prevails.

Among his various fillings Machulas reiterates his assertion that his claim is "against the Georgia Supreme Court."   (Doc. 28, p. 1.)   That is the first fatal defect in his claims.   As the Magistrate Judge previously explained, (doc. 17, p. 4), "[a] court is not subject to suit in its own name absent express statutory authority, and there is none in Georgia."   Howard v. Brown, 738 F. Supp. 508, 510 (S.D. Ga. 1988).   Even if Machulas sought to identify some individual, whether a judge or other employee of the Georgia Supreme Court, in his or her official capacity, as the Amended Complaint suggests, (see doc. 19, p. 2), that individual would be immune from actions for damages under the Constitution's Eleventh Amendment.   See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66, 169 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," and any damages claims are, therefore, barred by the Eleventh Amendment).

Notwithstanding the issues in the identity of the Defendant, the remedy Machulas seeks is also obviously unavailable.   As noted above, he suggests that he seeks this Court's intervention, somehow, in his appeal of a state judge's order and a judicial misconduct complaint he has unsuccessfully pursued.   (See, e.g., doc. 19, pp. 4—5.)   The Eleventh Circuit has recognized that "an injunction can issue only against an individual officer," of a state agency.   See Ross v. Jefferson Cnty. Dept. of Health, 701 F.3d 655, 661 (11th Cir. 2012) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 74 (1996)).   Although Defendant asserts that judicial immunity bars Plaintiff's claims, (see doc. 22-1, pp. 4—5), that immunity only extends to claims for damages,

which the Amended Complaint does not obviously assert, (but see doc. 19, p. 5 (requesting "an equitable settlement"). See, e.g., Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (citing Pulliam v. Allen, 466 U.S. 522 (1984)) (discussing the exception to judicial immunity for claims for injunctive relief against state judicial officers).

Even if there were some possible claim against some defendant for injunctive relief that avoided the various immunity doctrines, this Court would lack jurisdiction over it. As Defendant's brief argues, because all proceedings in the state court system have concluded,[1] and Plaintiff's claims were resolved against him, this Court lacks jurisdiction to review the propriety of those resolutions. As the Eleventh Circuit has summarized, the so-called "Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Sigel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). Succinctly, it "bars . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)) (internal quotation marks omitted). Notwithstanding any uncertainty in the nature of Plaintiff's claim, his request that this Court "correct his appeal," establishes that he seeks this Court's review of the disposition of that appeal. That is precisely what Rooker-Feldman precludes. See Behr, 8 F.4th at 1214. To put it as clearly as possible: there is nothing that this

---

[1] Defendant argues, in the alternative, that, if state court proceedings are ongoing, this Court should abstain from hearing Machulas' claims, under the doctrine established in Younger v. Harris, 401 U.S. 31 (1971). (Doc. 22-1, p. 2.) However, as Defendant's brief notes, "the amended complaint seem[s] to suggest that any state court proceedings have been decided." (Id.) The Court agrees that Machulas has not alleged any proceeding is currently pending in any state court. As such, the Court will not speculate on whether, if such a proceeding were alleged and relief involving that proceeding were sought, Younger abstention would be appropriate.

Court is empowered to do to "correct" the disposition of any case by the Supreme Court of Georgia. Cf. id. at 1211 (Rooker-Feldman "bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else."). Thus, to the extent that Defendant moves to dismiss Machulas' Amended Complaint as barred by Rooker-Feldman, his Motion is **GRANTED, in part**. (Doc. 22, in part.). Given that the Court lacks jurisdiction over the claims, it declines to reach any of the Defendant's alternative arguments for dismissal. See Behr, 8 F. 4th at 1212 (Rooker-Feldman "is a straightforward application of the statutes establishing [federal courts'] jurisdiction."). Those arguments are **DISMISSED** as moot. (Doc. 22, in part.)

In summary, the Motions and Report and Recommendation pertaining to the now-superseded original Complaint are **DISMISSED** as moot. (Docs. 10, 11, 12, 14, 15 & 17.) Defendant's Motion to Set Aside Default is **GRANTED**. (Doc. 21.) Machulas' Amended Complaint asserts claims and seeks relief that are not within this Court's jurisdiction. To the extent that he seeks relief against the Georgia Supreme Court, that entity is not subject to suit. To the extent that he seeks monetary damages against an officer of the Court, in any such officer's official or individual capacity, those claims are barred under the Eleventh Amendment, absolute judicial immunity, or both. Finally, to the extent that Machulas seeks some form of equitable or injunctive relief reversing the Supreme Court of Georgia's disposition of his various proceedings and applications, any such claim is barred by the Rooker-Feldman doctrine. Accordingly, Defendant's Motion to Dismiss is **GRANTED, in part** and **DISMISSED, in part**, as moot. (Doc. 22.) Plaintiff's Amended Complaint is **DISMISSED**. (Doc. 19.) Plaintiff's remaining

motions are, therefore, **DISMISSED** as moot.   (Docs. 18, 23 & 28).   The Clerk is **DIRECTED**

to **CLOSE** this case.

      **SO ORDERED**, this 25th day of March, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA